972 F.2d 346
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Julian L. COHEN; Maryjane M. Eisnor; Plaintiffs-Appellants,
David G. Parrish, et al., Plaintiffs,
William R. Green, et al., Intervening-Plaintiffs,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY; Nationwide Mutual Fire
Insurance Company; Nationwide Life Insurance Company;
Nationwide General Insurance Company; Nationwide Property
and Casualty Insurance Company; Nationwide Variable Life
Insurance Company, Defendants-Appellees.
 No. 91-3834.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1992.
 
 1
 Before BOYCE F. MARTIN, Jr. and SILER, Circuit Judges, and CLELAND, District Judge.*
 
 ORDER
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case by not requesting such argument.
 
 
 3
 Plaintiffs appeal the district court's judgment dismissing their actions filed under the Employee Retirement Income Security Act of 1974 (ERISA). Plaintiffs, all former insurance agents for the defendants, filed actions upon being denied retirement and pension benefits after defendants were released as insurance agents for the defendants. Plaintiffs' ERISA complaints alleged that they acquired vested interest in the benefits. The district court granted the motion for summary judgment and/or to dismiss on the basis that plaintiffs are not "employees" for the purposes of ERISA. Plaintiffs appealed.
 
 
 4
 On appeal, plaintiffs argue that the law of this circuit that insurance agents are not employees for the purposes of ERISA is in conflict with the law of the Fourth Circuit and that factors quoted from Wolcott v. Nationwide Mut. Ins. Co., 884 F.2d 245 (6th Cir.1989), on page 4 of the district court's decision in the instant case have not been shown.
 
 
 5
 The court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. See Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991); Faughender v. City of North Olmsted, Ohio, 927 F.2d 909, 911 (6th Cir.1991). Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 Wolcott is the law of this circuit. Although the plaintiffs relied on the case of Darden v. Nationwide Mut. Ins. Co., 796 F.2d 701 (4th Cir.1986), the Supreme Court has rejected the Darden test for determining if a person is an employee and determined that traditional agency law principles apply. See Darden, 112 S.Ct. 1344, 1350-51 (1992).
 
 
 7
 Accordingly, it is ORDERED that the judgment of the district court be, and it hereby is, affirmed for the reasons stated by the district court in the memorandum and order filed July 30, 1991, and entered August 1, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, U.S. District Judge for the Eastern District of Michigan, sitting by designation